IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Nichole S., | ) |
|     *Plaintiff*, | ) ) ) ) Case No. 3:20-cv-50323 |
| v. | ) ) Magistrate Judge Lisa A. Jensen |
| Kilolo Kijakazi, Acting Commissioner of Social Security,[1] | ) ) ) ) |
|     *Defendant*. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Nichole S. brings this action under 42 U.S.C. § 405(g) seeking reversal or a remand of the decision denying her social security benefits.[2] For the reasons set forth below, the Commissioner's decision is reversed, and this case is remanded.

**I. Background**

On March 12, 2018, Plaintiff filed applications for children's disability insurance benefits and supplemental security income alleging a disability beginning in September 1999, on her date of birth, based on depression, post-traumatic stress disorder ("PTSD"), anxiety, and obesity. Plaintiff later amended her alleged onset date to March 12, 2018.[3] R.32, 206. She was 18 years old at the time she filed her applications, had completed the 11th grade, and had never worked. Plaintiff

---

[1] Kilolo Kijakazi has been substituted for Andrew Marshall Saul. Fed. R. Civ. P. 25(d).
[2] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c).
[3] The Court notes that the disability rules applicable for adults also apply to Plaintiff's child disability application. *See Hosea M. v. Saul*, 18 CV 2926, 2019 WL 5682835, at *5 n.8 (N.D. Ill. Nov. 1, 2019) ("Where, as here, a claimant files for child's benefits after he turned eighteen and alleges an onset date after he turned eighteen, the Commissioner applies the disability rules used for adults who file new claims."), aff'd sub nom. *Matthews v. Saul*, 833 Fed. App'x. 432 (7th Cir. 2020); *see also* 20 C.F.R. § 404.350(a)(5) (stating that an individual 18 years old or older is eligible for child's benefits if the disability began before attaining age 22).

1

alleged that she was unable to work due to her mental health problems following an abusive childhood from her father. She began seeking mental health treatment in March 2018 with counseling and medications. Plaintiff reported flashbacks and nightmares about her father and an inability to leave the house alone or interact with anyone outside of her family. R. 289, 298.

Following a hearing, an administrative law judge ("ALJ") issued a decision in December 2019, finding that Plaintiff was not disabled. R. 13-23. The ALJ found that Plaintiff had the following severe impairments: asthma, obesity, depressive disorder, anxiety disorder, and PTSD. The ALJ determined that Plaintiff's impairments did not meet or medically equal a listed impairment, including Listings 12.04 (depressive, bipolar and related disorders), 12.06 (anxiety and obsessive-compulsive disorders), and 12.15 (trauma- and stressor-related disorders). The ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform light work with certain restrictions. The ALJ determined that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including mail clerk, cleaner, and office helper.

Plaintiff appeals the ALJ's decision arguing that the ALJ erred in evaluating her mental impairments in the RFC assessment and listing analysis. Therefore, this Court will focus on the evidence relevant to the ALJ's evaluation of these issues in the discussion below.

## II. Standard of Review

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). If supported by substantial evidence, the Commissioner's factual findings are conclusive. *Id.* Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge'

2

between the evidence and his conclusions." *Butler v. Kijakazi*, 4 F.4th 498, 501 (7th Cir. 2021) (citations omitted). The reviewing court may not "reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).

### III. Discussion

Plaintiff challenges the ALJ's decision regarding her mental impairments, arguing that: (1) the ALJ's RFC assessment does not account for her limitations in concentration, persistence, and pace and interacting with others; and (2) the ALJ's paragraph B listings analysis failed to account for more extensive functional limitations. Because this Court finds that a remand is warranted on the ALJ's RFC determination regarding Plaintiff's ability to interact with others, the Court will address this argument first.

Plaintiff argues that despite relying on the state agency psychologists' opinions, the ALJ failed to account for the limitations they found regarding her ability to interact with others. The Commissioner maintains that the ALJ's RFC assessment incorporated the state agency psychologists' findings.

A claimant's RFC is the maximum work that she can perform despite any limitations. *See* 20 C.F.R. § 404.1545(a)(1); Social Security Ruling 96-8p, 1996 WL 374184, at *2. An ALJ must base a claimant's RFC on all relevant evidence in the record, including the claimant's medical history and findings, the effects of treatment, reports of daily activities, medical opinions, and effects of symptoms. 20 C.F.R. § 404.1545(a)(3); Social Security Ruling 96-8p, 1996 WL 374184, at *5. "Although the responsibility for the RFC assessment belongs to the ALJ, not a physician, an ALJ cannot construct his own RFC finding without a proper medical ground and must explain how

3

he has reached his conclusions." *Amey v. Astrue*, No. 09 C 2712, 2012 WL 366522, at *13 (N.D. Ill. Feb. 2, 2012).

In June 2018, state-agency reviewing psychologist Melanie Nichols, Ph.D., opined that Plaintiff had moderate limitations in interacting with others. Dr. Nichols also assessed Plaintiff's mental RFC. R. 60. In the portion of the form regarding social interaction limitations, Dr. Nichols opined that Plaintiff was moderately limited in her ability to interact appropriately with the general public and to accept instructions and respond appropriately to criticism from supervisors. R. 65. She explained that Plaintiff's lack of self-confidence and difficulties with anxiety "may moderately hamper her ability to get along well with co-workers and the general public." *Id.* Accordingly, in the narrative portion of the form, Dr. Nichols found that based on Plaintiff's anxiety she would be best suited for work settings away from the general public and requiring only superficial contact with coworkers. R. 66, 78. On reconsideration, state-agency reviewing psychologist Donna Hudspeth, Psy.D. affirmed Dr. Nichols' assessments. R. 86-87, 92.

At step three of the evaluation process,[4] the ALJ found that Plaintiff's symptoms related to her anxiety warranted marked limitations in interacting with others.[5] R. 16. The ALJ considered Plaintiff's statements that she feared leaving home alone and often isolated herself in her bedroom, had difficulty interacting with others, and had problems with confrontation. The ALJ also considered that Plaintiff was pursuing online schooling in part due to her anxiety and that despite

---

[4] The ALJ considered whether Plaintiff's mental impairments met or medically equaled the criteria of Listings 12.04 (depressive, bipolar and related disorders), 12.06 (anxiety and obsessive-compulsive disorders), and 12.15 (trauma- and stressor-related disorders). R. 16.

[5] Degrees of functional limitation in interacting with others are rated by the ALJ using a five-point scale: "None, mild, moderate, marked, and extreme. The last point on the scale represents a degree of limitation that is incompatible with the ability to do any gainful activity." 20 C.F.R. § 404.1520a(c)(4). A moderate limitation is defined as "functioning in this area independently, appropriately, effectively, and on a sustained basis is fair." 20 C.F.R. Pt. 404, Subpt. P, App. 1. § 12.00(F)(2). A marked limitation is defined as functioning in this area that is "seriously limited." *Id.* An extreme limitation is defined as "not able to function in this area." *Id.*

improvement in communicating with metal health providers and meeting friends in her neighborhood, she still could not frequent the store alone and remained anxious even when accompanied by another.

In formulating the RFC, the ALJ found the opinions from the state agency psychologists to be "persuasive and consistent with the evidence available at their time of review," but that Plaintiff's testimony was "supportive of greater limitations." R. 21. The ALJ assessed the following mental restrictions in the RFC assessment:

> [T]he claimant is able to frequently interact with supervisors, and occasionally with coworkers and the public, and any contact with public to be only brief and superficial in nature; in dealing with changes in the work setting the claimant is able to make simple work-related decisions.

R. 18.

The Commissioner acknowledges that in determining the RFC the ALJ relied on the state agency psychologists' findings that Plaintiff should be limited to superficial contact with coworkers in a work setting away from the public and argues that these opinions, as the only opinions of record, support the ALJ's RFC assessment. Def.'s Resp. at 7, Dkt. 26. Specifically, the Commissioner argues that the ALJ's RFC incorporated these findings by limiting Plaintiff to only occasional contact with coworkers and occasional, brief, and superficial contact with the public. However, the Commissioner does not explain or support this argument. Instead, the Commissioner maintains that because "[n]o medical source opined to greater degrees of functional difficulty or RFC limitations than assessed by the ALJ," "the ALJ's decision must stand." Def.'s Resp. at 3, Dkt. 26. This Court disagrees.

Although the ALJ determined that greater limitations were warranted than those assessed by the state agency psychologists, the ALJ ended up adopting an RFC that was less restrictive than the state agency psychologists. *See Jayson J. v. Saul*, 2:19CV175, 2020 WL 597657, at *12 (N.D.

Ind. Feb. 7, 2020) (remanding where the ALJ failed to explain how plaintiff could occasionally interact with supervisors despite opinion evidence limiting the plaintiff to brief, superficial interactions with others). The ALJ made no attempt to explain his basis for limiting Plaintiff to occasional interaction with coworkers rather than superficial interaction. "'Occasional contact' goes to the quantity of time spent with the individuals, whereas 'superficial contact' goes to the quality of the interactions. These limitations are not interchangeable, nor does one imply the other." *Hurley v. Berryhill*, 1:17-CV-421-TLS, 2018 WL 4214523, at *4 (N.D. Ind. Sept. 5, 2018) (citation omitted). The ALJ provides no explanation for why he did not adopt this portion of the state agency psychologists' opinions or explain why limiting Plaintiff to occasional interaction with coworkers sufficiently accommodated her limitations. *See id.* (remanding where the ALJ failed to explain why he limited the plaintiff to occasional interaction but did not include the state agency psychologists' superficial interaction limitation); *Amey*, 2012 WL 366522, at *13 (requiring the ALJ to explain how he reached his RFC conclusions).

The ALJ also provided no explanation for limiting Plaintiff to occasional, brief and superficial interaction with the public. The state agency psychologists found that Plaintiff should be limited to "work settings away from the general public." R. 78. Not only did the ALJ omit this limitation from the RFC without explaining why, but he also failed to cite any evidence to support the specific limitations he included. This Court cannot reconcile the ALJ's decision to find the state agency psychologists' opinions persuasive and consistent with the evidence and yet include less restrictive social interaction limitations in the RFC despite finding greater limitations warranted.

The Commissioner maintains that the ALJ assessed a more restrictive RFC by limiting Plaintiff to frequent interactions with supervisors where the state agency psychologists included

6

no such limitations. The state agency psychologists found Plaintiff moderately limited in her ability to accept instructions and criticism from supervisors. The Commissioner dismisses this portion of the state agency psychologists' opinion as merely the "checkbox section" of their opinions. Def.'s Resp. at 11, Dkt. 26. Instead, the Commissioner points to the psychologists' narrative explanation which contained no restrictions for contact with supervisors. However, the ALJ did not offer this explanation in support of the RFC assessment. The Seventh Circuit has made clear that this Court must confine its review to the reasons articulated by the ALJ in his decision. *See Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020) ("Our review is limited also to the ALJ's rationales; we do not uphold an ALJ's decision by giving it different ground to stand upon."). Accordingly, the Commissioner's *post hoc* rationalizations are improper.

The only explanation the ALJ cited to support frequent interaction with supervisors was Plaintiff's "demonstrated cooperation and ability to speak with providers." R. 21. However, the ALJ does not identify the records supporting his conclusion and his summary of the evidence only refers to records that Plaintiff "liked counseling" R. 20. The medical records also revealed that despite some improvement in her anxiety and ability to interact with others in June and July 2019, by September 2019 Plaintiff was again suffering from increased anxiety and stress, even during therapy, was unable to go outside, and struggled with activities of daily living and communicating with others. R. 356, 359. The ALJ does not explain these discrepancies in his decision.

An ALJ's ability to make inferences regarding Plaintiff's functional limitations caused by her impairments is not unlimited. It must be tied to the evidence in the record such that the ALJ's RFC finding is based on all the relevant evidence in the record. *See* 20 C.F.R. § 404.1545(a). Here, the ALJ found that Plaintiff's severe mental impairments caused marked limitations in interacting with others, which meant Plaintiff's "functioning in this area independently, appropriately,

7

effectively, and on a sustained basis is seriously limited." 20 C.F.R. Pt. 404, Subpt. P, App. 1. § 12.00(F)(2). The ALJ cited Plaintiff's inability to leave her home or shop alone, and her difficulty interacting with others and resulting anxiety even when accompanied by another.[6] The ALJ also specifically credited Plaintiff's testimony as supportive of greater limitations than those imposed by the state agency psychologists, although the ALJ failed to identify which portion of Plaintiff's testimony he credited and the greater limitations that he found supported.

Despite finding Plaintiff's functioning seriously limited, the ALJ determined that Plaintiff retained the ability to occasionally interact with coworkers and the public and frequently interact with supervisors. *See Michael F. v. Comm'r of Soc. Sec.*, 419CV04062SLDJEH, 2020 WL 4275845, at *14 (C.D. Ill. July 2, 2020) ("[T]he ALJ's finding that Michael could have 'occasional' interaction with supervisors, coworkers, and the pubic does not follow from the ALJ's finding that Michael had 'marked' limitation in the functional area of interacting with others."), *report and recommendation adopted sub nom. Michael F. v. Saul*, 419CV04062SLDJEH, 2020 WL 4275257 (C.D. Ill. July 24, 2020). The Commissioner argues that the ALJ provided "multiple good reasons" for finding Plaintiff's allegations not entirely supported. Def.'s Resp. at 9, Dkt. 26. However, the Court finds that the few reasons the ALJ cites in his decision do not provide substantial evidence to support the RFC. The ALJ explained that:

> No greater limitations are warranted given improved functioning with counseling and appropriate medication management, demonstrated ability to leave home for shopping with her mother, attending therapy twice a month, and for medication management on a quarterly basis. She had demonstrated ability to go outside to exercise, and make friends in her neighborhood.

R. 21.

---

[6] Plaintiff also argues that the record supports a finding that her limitations in interacting with others were extreme instead of just marked.

Plaintiff's treatment records are short, and the ALJ places a lot of emphasis on the positive aspects of her records to show Plaintiff's improvement with counseling and medication. Because of the limited duration of Plaintiff's records, it is concerning that the ALJ did not mention her most recent records revealing an increased level of anxiety and symptoms. R. 356, 359; *see Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding."). Additionally, while Plaintiff did report an ability to go outside to exercise, there was no indication that she did so alone or gave any indication of the frequency. R. 349. Moreover, the ALJ fails to explain how an ability to go outside to exercise or leave the house with her mother to shop and attend appointments undermines her alleged limitations in interacting with others. Lastly, while the ALJ cited Plaintiff's reported efforts to be more social with friends, R. 19, the same note indicated that Plaintiff struggles to manage her symptoms and to engage. R. 348. Although a marked limitation in an area of mental functioning may not necessarily be disabling, the ALJ must properly account for such limitations in the RFC. It is unclear to the Court that the ALJ did so here.

The Court finds substantial evidence does not support the ALJ's decision based on his failure to explain his RFC assessment regarding Plaintiff's ability to interact with others. The Court cannot reconcile the ALJ's failure to adopt an RFC with limitations at least as restrictive as the ones outlined by the state agency psychologists. The ALJ's decision is also devoid of any explanation as to how the restrictions he included specifically accommodated Plaintiff's marked impairments in interacting with others. For these reasons, ALJ has failed to provide an accurate and logical bridge from the evidence to his conclusion as to Plaintiff's RFC. *See Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000). Accordingly, remand for further proceedings is required. On

9

remand, the ALJ should clarify what, if any, additional restrictions in the RFC are warranted to account for Plaintiff's limitations in interacting. The ALJ should also evaluate Plaintiff's subjective symptoms according to Social Security Ruling 16-3p and provide an adequate explanation of his evaluation with specific reasons supported by the record.

Plaintiff also argues that the record reflects that more extensive social limitations were warranted when evaluating the paragraph B criteria. However, because this Court is remanding for the ALJ to reconsider the evidence relating to Plaintiff's ability to interact, the ALJ should revisit his paragraph B analysis on remand because an extreme limitation in one area of functioning would satisfy the paragraph B criteria for Plaintiff's mental impairments. The ALJ should specifically address whether any of Plaintiff's alleged improvement is reflective of Plaintiff's most recent treatment records revealing an anxious mood, an increased stress level when attending therapy, and an inability to go outside and communicate with others. R. 356, 359. The same is true for Plaintiff's arguments relating her ability to maintain concentration, persistence, and pace. In light of the abundance of Seventh Circuit case law on the topic, and the ALJ's reliance on Plaintiff's continued improvement with treatment, the ALJ should take the opportunity to discuss all relevant evidence in the record to formulate an appropriate hypothetical to the VE and formulate an RFC that accounts for all of Plaintiff's limitations. The ALJ should take care to explain how Plaintiff's limitations in concentration, persistence, or pace translate into limitations in the RFC.

In remanding this case, the Court is not indicating that the issues raised in this appeal must be resolved in a particular way, but rather that they should be explored more thoroughly. All these issues should be considered in a comprehensive analysis on remand with more explicit analysis by the ALJ.

### IV. Conclusion

10

For the foregoing reasons, Plaintiff's motion for summary judgment is granted, and the Commissioner's motion is denied. The decision of the Commissioner is reversed, and the case is remanded for further proceeding consistent with this opinion. This Court declines to order a finding of disability based on the record before it. It is more appropriate to remand to the ALJ to properly evaluate the evidence as outlined above and issue a new decision.

Date: March 2, 2022         By:    Lisa A. Jensen
                                   United States Magistrate Judge